```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 10-21111-Civ-HUCK
                         MAGISTRATE JUDGE P.A. WHITE

WILLIE ISAAC,                  :

     Petitioner,               :

v.                             :       REPORT OF
                                       MAGISTRATE JUDGE
WALTER A. McNEIL,              :

     Respondent.               :
_____
```

## I. Introduction

Willie Isaac, who is presently confined at Columbia Correctional Institution in Lake City, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking the revocation of his probation and sentence in case number F98-35140, entered in the Eleventh Judicial Circuit Court for Miami-Dade County. Isaac is not challenging the original conviction and sentence.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the petition for writ of habeas corpus, the Respondent's response to an order to show cause with appendix of exhibits and Isaac's reply to that response.

## II. Procedural History

On January 31, 2003, after his conviction for first degree murder, attempted armed robbery and armed burglary of an occupied

1

conveyance was reversed on appeal, Isaac pled guilty to second degree murder, attempted armed robbery and armed burglary. (DE#15, App. p. 187, 292-295, 317-328, 677-682). As a result he was sentenced to five years imprisonment to be followed by four years probation. (DE# 15, App. p. 319, 683-688).

An amended affidavit of violation of probation was prepared on April 26, 2005.[1] (DE# 15, App. p. 337-341). The affidavit detailed how Isaac had violated the conditions of his probation. The affidavit alleged five violations. First, Isaac associated with persons engaged in criminal activity, as evidenced by his admission to being around others using illegal drugs. Second, Isaac failed to live at liberty without violating any law, as established by a positive drug test. Third, Isaac failed to pay his costs of supervision or perform community service in lieu of payment. Fourth, Isaac failed to pay court costs. And finally, Isaac changed his residence without procuring consent of his probation officer. On July 29, 2005, a second amended affidavit of violation of probation was prepared. (DE# 15, App. p. 342-346). This amendment added a sixth violation. It alleged that Isaac failed to live at liberty without violating any law, as established by his arrest for the offense of grand theft. These allegations were the subject of a hearing that commenced on April 18, 2006. (DE# 15, App. p. 347).

At the hearing the state first presented the testimony of two police officers who had arrested Isaac and charged him with auto theft after they saw him exiting the driver's side of a recently stolen vehicle. (DE# 15, App. p. 349-368). As one of the officers approached Isaac, he threw the keys to the car on the ground. (DE# 15, App. p. 363). When Isaac was arrested he gave the officers a

---

[1] The initial affidavit of violation of probation is not contained in the record submitted by the state.

false name.  (DE# 15, App. p. 365).

The state also presented the testimony of Isaac's probation officer, Athena Tomlin. (DE# 15, App. p. 369-416). She met Isaac on November 4, 2004. On that date she re-instructed him on his probation conditions. He was not up to date on paying his costs of supervision. He was also behind in paying his court costs. Ms. Tomlin gave Isaac an option to perform community service in lieu of payment of costs. Officer Tomlin also saw Isaac on November 30 at his residence.

Ms. Tomlin next saw Isaac on December 7, 2004. Isaac had not performed any community service or made any payments toward costs. Ms. Tomlin saw Isaac at a new residence on December 21, 2004 and again in her office on January 11, 2005.

At an office visit on February 7, 2005, Isaac's urine tested positive for marijuana and cocaine. When Officer Tomlin confronted Isaac with the results he indicated that he wanted another chance. He admitted that he was around some people "doing stuff." In a later telephone conversation on, February 21, 2005, he did not admit to using drugs but stated that he had his cousins at his apartment and they liked to lace their joints. Isaac did not show up for his next scheduled appointment.

Officer Tomlin submitted the urine sample for laboratory analysis. The lab analysis came back as positive for cocaine and negative for cannabis. The laboratory report was introduced into evidence at the probation violation hearing.

As a result of her meetings with Isaac, Officer Tomlin filed an affidavit of violation of probation. The violations she noted

were the positive drug test, failure to pay court costs and costs of supervision, and associating with people engaged in criminal activity.

A second probation officer, Eddie Pedroza also testified. (DE# 15, App. p. 416-424). He followed up on Isaac's failure to appear for an appointment with his probation officer in March 2005. He called Isaac's mother at the residence where Isaac was supposed to be residing. She told Officer Pedroza that Isaac no longer lived there and that she had no knowledge of his whereabouts. There was no indication that Isaac had informed any probation officer of his change in residence. As a result, Isaac was placed in absconder status. Officer Pedroza issued an amended affidavit of violation of probation, adding a violation for changing residence without obtaining consent of his probation officer.

At the conclusion of the hearing the trial court revoked Isaac's probation. The trial court found that Isaac associated with others engaged in criminal activity based on his admission to the probation officer that he was around people doing drugs. (DE# 15, App. p. 433-434, 685). The trial court found that the state met its burden that Isaac failed to live at liberty without violating the law, citing his arrest for grand theft and the positive drug test. (DE# 15, App. p. 434, 685-686). The trial court also found that Isaac failed to pay the costs of supervision (DE# 15, App. p. 685). The trial court declined to find a violation for failure to pay court costs or for changing residence without authorization.(DE# 15, App. p. 439). The trial court sentenced Isaac to 25 years on the second degree murder and armed burglary counts, and 15 years on the attempted armed robbery count. (DE#15, App. p. 457-459, ). Isaac appealed the probation revocation. (DE# 15, App. p. 461).

On appeal Isaac raised two issues. (DE# 15, App. p. 467-484). Only one issue is relevant to the instant petition. Isaac claimed that the trial court erred in revoking his probation. In support of this claim he contended that the only proof of a violation by possessing cocaine was hearsay evidence and that the failure to perform community service or pay court costs was not sufficiently proven. The Third District Court of Appeal affirmed the revocation of Isaac's probation. (DE# 15, App. p. 522-525). In affirming, the appellate court found that the trial court's revocation of probation was not solely based on hearsay. Although the court did find that the urinalysis report was hearsay, it also found that the probation officer had testified about the test she performed as well as other violations of the conditions of probation. The court also held that hearsay is admissible in revocation hearings, although a revocation may not be based solely on hearsay. The court remanded the case to the trial court for proper application of credit for time served prior to the revocation of probation.

On April 22, 2008, Isaac filed a motion for post conviction relief. (DE# 15, App. p. 527-540). In this motion Isaac raised a claim of ineffective assistance of counsel, contending that counsel failed to properly advise him about a plea offer. The trial court denied this motion. (DE# 15, App. p. 541-543). Isaac's motion for rehearing was denied. (DE# 15, App. p. 544-552). On September 24, 2008, the appellate court reversed and remanded because the record did not conclusively refute Isaac's claim. (DE# 15, App. p. 574-575).

On July 21, 2009, Isaac filed a petition for writ of habeas corpus in the trial court. (DE# 15, App. p. 577-582). In this petition he argued that the trial court relied upon hearsay in finding a violation of probation. The trial court denied this

petition. (DE# 15, App. p. 583). Isaac appealed the denial.

On appeal, Isaac argued that it was reversible error to allow testimony regarding an arrest that resulted in a nolle prosequi and that the trial court violated his probation solely on hearsay. (DE# 15, App. p. 587-593). On February 17, 2010, the appellate court affirmed the denial of Isaac's petition. (DE# 15, App. p. 594). On March 5, 2010, Isaac's motion for rehearing was denied. (DE# 15, App. p. 595-596).

Isaac filed the instant petition on April 2, 2010.[2] In his petition he raises one claim. He argues that he was denied his constitutional right to cross examine the lab analyst who prepared an analysis of a urine sample that was positive for cocaine.

### III. Statute of Limitations and Exhaustion

The state concedes that this petition is timely filed and that Isaac has exhausted his claims in state court.

### IV. Standard of Review

A prisoner in state custody may not be granted a writ of habeas corpus for any claim that was adjudicated on the merits in State court unless the State court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented" to the State court. 28 U.S.C. § 2254(d)(1), (2); see Williams v. Taylor, 529 U.S. 362, 405-06 (2000); Fugate v. Head, 261 F.3d 1206, 1215-16 (11th Cir.

---

[2] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

2001).

A State court decision is "contrary to" or an "unreasonable application of" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the State court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the State court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 405-06. In the habeas context, clearly established federal law refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. Hall v. Head, 310 F.3d 683, 690 (11th Cir. 2002) (citing Williams, 529 U.S. at 412). However, in adjudicating a petitioner's claim, the State court does not need to cite Supreme Court decisions and the state court need not even be aware of the Supreme Court cases. See Early v. Packer, 537 U.S. 3, 8 (2002); Parker v. Sec'y, Dep't of Corr., 331 F.3d 764, 775-76 (11th Cir. 2003).

So long as neither the reasoning nor the result of the state court decision contradicts Supreme Court decisions, the state court's decision will not be disturbed. Id. Further, a federal court must presume the correctness of the state court's factual findings unless the petitioner overcomes them by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001).

## V. Discussion

Isaac raises just one claim in his petition. He argues that the state court improperly denied him the opportunity to cross examine the lab analyst who performed the urinalysis. He argues

7

that the court also erred in relying upon the lab report as hearsay. Isaac appears to rely upon <u>Crawford v. Washington</u>, 541 U.S. 36 (2004) for this argument. In <u>Crawford</u> the Court held that '[w]here testimonial evidence is at issue . . . the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." <u>Crawford</u> at 68. The court noted that the development of non-testimonial hearsay law was left to the states. <u>Id.</u>

In Florida, lab reports have been found to be the equivalent of testimony and <u>Crawford</u> is applicable in criminal trials. <u>See</u> <u>State v. Johnson</u>, 982 So.2d 672, 680-81 (Fla.2008) (holding that lab reports are "accusatory" and subject to confrontation clause). However, the Florida Supreme Court has held that <u>Crawford</u> is not applicable to probation revocation hearings. <u>Russell v. State</u>, 982 So. 2d 642, 643 (Fla. 2008), <u>cert. denied</u>, 129 S. Ct. 272, 172 L. Ed. 2d 201 (2008); <u>Peters v. State</u>, 984 So.2d 1227 (Fla. 2008). Similarly, every federal circuit court that has addressed the issue has also found that <u>Crawford</u> does not apply to parole or probation revocation hearings. <u>See</u> <u>United States v. Rondeau</u>, 430 F.3d 44, 48 (1st Cir.2005); <u>United States v. Aspinall</u>, 389 F.3d 332, 342-43 (2nd Cir.2004), abrogated on other grounds, <u>United States v. Fleming</u>, 397 F.3d 95 (2d Cir.2005); <u>United States v. Kirby</u>, 418 F.3d 621, 627-28 (6th Cir.2005); <u>United States v. Martin</u>, 382 F.3d 840, 845 (8th Cir.2004); <u>United States v. Hall</u>, 419 F.3d 980, 985-86 (9th Cir.2005).

In Florida, hearsay is admissible in probation revocation hearings, however a probation revocation cannot be based solely on hearsay. <u>Id.</u> at 646. Hearsay evidence must be supported by non-hearsay evidence. <u>Id.</u>

Isaac has not cited to any United States Supreme Court precedent decision that holds that hearsay is not admissible in probation revocation hearings. In fact, controlling precedent does not "prohibit use where appropriate of the conventional substitutes for live testimony, including affidavits, depositions, and documentary evidence." Gagnon v. Scarpelli, 411 U.S. 778, 783 (1973). In establishing the level of due process for probation revocation hearings, the Supreme Court has found that such a hearing be structured so as to assure that the finding of a violation will be "based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior." Morrissey v. Brewer, 408 U.S. 471, 484 (1972, See also Gagnon, 411 U.S. at 785. In Morrissey the court was clear that a probation revocation hearing does not equate to a criminal prosecution. Morrissey 408 U.S. at 489. The Court further found that the question of whether violation has occurred "is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." Id.

In light of this precedent it is not surprising that the admission of the report of a urinalysis test in a revocation hearing has previously been found not to violate a defendant's constitutional right to confrontation. See United States v. Penn, 721 F.2d 762 (11th Cir.1983); United States v. Bell, 785 F.2d 640 (8th Cir.1986); U.S. v. Kindred, 918 F.2d 485 (5th Cir. 1990).

In this case, the state presented live testimony of Isaac's probation officer. Officer Tomlin testified specifically to several probation violations. She testified that Isaac was behind in paying his costs of supervision and that he admitted to being with individuals who were violating the law. She personally performed a

field test of a urine sample that tested positive for illegal drug use. In addition to Officer Tomlin's testimony, two police officers testified that they arrested Isaac for auto theft while he was on probation. None of the aforementioned evidence was hearsay. Thus the trial court's revocation of Isaac's probation was not based solely on the report of the urinalysis testing. The trial court specifically found that Isaac violated his probation based on facts other than the lab report.

The state court's determination of Isaac's claim is not contrary to, or an unreasonable application of any controlling precedent. Isaac reliance on <u>Crawford</u> is misplaced. As noted above, <u>Crawford</u> applies to criminal trials. The Supreme Court has not applied it to probation revocation hearings. Thus Isaac's claim fails.

In his reply to the state's response, Isaac raises an issue about the state court's reliance on the testimony that he was arrested for grand theft. He contends that the admission of this evidence violated due process because the charge of grand theft was nolle prossed.

However, it is well settled in Florida that "formal conviction of a crime is not essential to enable the judge to revoke the order of probation." <u>State ex rel. Roberts v. Cochran</u>,140 So.2d 597, 599 (1962). "When seeking revocation of probation for commission of a new offense, '[t]he state need only show by a preponderance of the evidence that the defendant committed the offense charged.'" <u>Reyes v. State</u>,711 So.2d 1378, 1379 (Fla 2d DCA 1998)(quoting <u>Robinson v. State</u>, 609 So.2d 89, 90 (Fla. 1st DCA 1992). The trial court made a finding that the testimony of the two police officers showed, by a preponderance of the evidence, that Isaac had committed the crime

10

of grand theft. Therefore, the fact that the charges were later nolle prossed is irrelevant.[3] This is especially true given the other proper grounds for revocation of Isaac's probation.

In light of Supreme Court precedent as expressed in Morrissey and Gagnon, the trial court's finding of a violation based on the arrest for grand theft was within the parameters of due process for probation revocation hearings. The finding was based on verified facts. Therefore this issue, although raised only in reply, is without merit.

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be denied and the case closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 14th day of December, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Willie Isaac, pro se
      DC#437044
      Dade Correctional Institution
      19000 SW 377 Street
      Suite 300
      Florida City, FL 33034

---

[3] In light of the lengthy sentence imposed on Isaac in the instant case it is quite reasonable to infer that the state would nolle prosequi the less serious grand theft charges in the exercise of prosecutorial discretion.

```
Lunar C. Alvey, AAG
Office of the Attorney General
444 Brickell Ave., Suite 650
Miami, FL 33131
```